1

2

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

3

4

**JS-6**

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11

APPLIED BUSINESS SOFTWARE,
INC.,

CASE NO. CV 09-3820 AHM (Ex)

12

Plaintiff,

**[PROPOSED] JUDGMENT**
**GRANTING APPLIED BUSINESS**
**SOFTWARE, INC.'S MOTION FOR**
**FOR SUMMARY JUDGMENT**

13

v.

14

15

ROSWELL HOLDINGS, LLC, a
Georgia limited liability company,
CAPITAL INVESTMENT ADVISORS,
INC., a Georgia corporation, and
HOWARD ALPERN, an individual,

16

Judge A. Howard Matz

17

18

Defendants.

Trial Date:          July 27, 2010
Final Pretrial
Conference Date:     July 12, 2010

19

20

21

22

23

24

25

26

27

28

1253-1004 / 132350.1

[PROPOSED] JUDGMENT RE DEFAULT
AND SUMMARY JUDGMENT

On April 26, 2010, Plaintiff Applied Business Software, Inc. ("ABS") filed a Motion for Summary Judgment.  The Motion was timely heard in Department 14 of the above-captioned Court on June 7, 2010 at 10:00 a.m.  Upon consideration of Plaintiff's Motion, and upon consideration of the pleadings, declarations, exhibits, memoranda and other supporting and opposing papers submitted by the parties, the Court finds:

1. The Complaint asserts as ABS' First Claim for Relief, copyright infringement of ABS' copyrighted The Mortgage Office™ software ("TMO") by Roswell Holdings, LLC ("Roswell"), Capital Investment Advisors, Inc. ("Capital"), and Howard Alpern ("Alpern").

2. ABS is the holder of numerous valid copyright registrations for TMO and its various modules and updates thereof.  In total, there are 11 individual registrations associated with each use of the TMO by Roswell.  The Registration number for each modules are: TX-6-902-085 (ACH Express); TX-6-902-087 (Escrow Administration); TX-6-902-100 (Web Publishing Central); TX-6-902-148 (Trust Fund Accounting); TX-6-902-150 (The Mortgage Office); TX-6-902-124 (Loan Servicing); TX-6-902-628 (Tax Forms Management); TX-6-902-625 (Plug-Ins);  TX-6-902-621 (Loan Servicing); TX-6-902-233 (Document Manager); TX-6-902-157 (Default Services and Tracking).

3. The Complaint asserts as ABS' Second Claim for Relief, breach of the Software License Agreement ("SLA") and Software Maintenance Agreement ("SMA") by Roswell.

4. The Complaint asserts as ABS' Third Claim for Relief, specific performance of the termination provisions of the SLA.

5. The SLA and the SMA are valid and enforceable contracts.  ABS performed its obligations under the SLA and the SMA.  The SLA provided Roswell with a four-computer license and the SMA provided for maintenance of those licenses through technical support and updates, among other things.

[PROPOSED] JUDGMENT RE DEFAULT
AND SUMMARY JUDGMENT

6. Admissible evidence from Roswell's computers transmitted to ABS's computers and discovery in this case demonstrates that Roswell improperly installed the licensed, copyrighted software on more than four computers; Roswell used the licensed software on more than four computers at the same time; Roswell, Alpern and Roswell contractors used the software in a manner and location directly prohibited under the SLA.

7. The evidence further shows that Alpern was aware of the use of the software in excess of the provisions of the SLA and SMA and that he used the software in excess of the rights granted in the license and thus committed copyright infringement in his own right.

8. Although the conduct of a given "Capital" entity has not clearly been distinguished from the conduct of the other Capital entities, the evidence sufficiently shows that Capital installed, used, and/or accessed the TMO without a license in direct violation of the Copyright Act. For this conduct, the Court finds a single violation.

9. The actions of all Defendants constitute infringement of ABS' copyrights.

10. The Court finds that Roswell used the TMO on at least 8 (eight) computers and thus exceeded its license by at least 4 (four) computers.

11. The Court further finds that Howard Alpern used the TMO in a manner prohibited by the license and thus is liable for one (1) use of the TMO in violation of the license.

12. According to the SLA, the license automatically terminates upon breach of the SLA, which occurred almost immediately upon signing of the SLA.

13. ABS is entitled to summary judgment on its claims for breach of contract, copyright infringement, and specific performance, due to Defendants exceeding the scope of the license agreement.

1     14.     On its contract claim, ABS is not entitled to receive contract

2 damages because it will receive statutory damages under the Copyright Act.  17

3 U.S.C. § 504(a).

4     15.     On its copyright claim, ABS is entitled to statutory damages.

5 For each copyright infringed, the Copyright Act allows for statutory damages of up

6 to $30,000 per violation.  17 U.S.C. 504(c).  Here, Roswell exceeded its license by

7 at least 4 (four) computers.  For each "excess" computer, the Court finds and awards

8 damages for only one infringement.  *See Columbia Pictures Television, Inc. v.*

9 *Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001).

10 As to the one (1) excess use by Alpern, that also constitutes infringement.

11     16.     Factors which a court may consider in calculating an award of

12 statutory damages include "the expenses saved and profits reaped by the defendants

13 in connection with the infringements, the revenues lost by the plaintiffs as a result of

14 the defendant's conduct, and the infringers' state of mind-whether willful, knowing,

15 or merely innocent." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250,

16 252 (2d Cir.1992) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on

17 Copyright § 1404[B], at 14-41 (1991)).  The court may also take into consideration

18 the "value of the copyright;" "the deterrent effect on others besides the defendant;"

19 "whether a defendant has cooperated in providing particular records from which to

20 assess the value of the infringing material produced;" and "the potential for

21 discouraging the defendant." *Tiffany (NJ) Inc. v. Luban*, 282 F.Supp.2d 123, 125

22 (S.D.N.Y.2003) (quoting *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co.*, 807 F.2d

23 1110, 1117 (2d Cir.1986)).

24     17.     Having read and considered the declarations, pleadings, and

25 exhibits in the present motion, the court finds that reasonable damages for each

26 separate infringement (limited to one per excess computer) are $12,000.

27

28

1    18.    As such, Roswell and Capital are each ordered to pay $12,000

2    per violation, for a total of $60,000 ($48,000 from Roswell and $12,000 from

3    Capital).

4    19.    Alpern is ordered to pay $12,000 per violation for a total of

5    $12,000.

6    20.    ABS is further entitled to a further injunction prohibiting

7    Roswell from installing, using, accessing, and/or infringing the TMO Software and

8    any and all modules thereof.

9    21.    ABS is further entitled as the prevailing party to recover its

10   reasonable attorneys' fees, costs and expenses pursuant to the SLA.

11   NOW THEREFORE, IT IS ORDERED THAT Plaintiff's Motion for

12   Summary Judgment is GRANTED.

13   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff

14   Applied Business Software, Inc. have and recover from defendant Roswell

15   Holdings, LLC the sum of $48,000, individually, in statutory copyright damages;

16   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff

17   Applied Business Software, Inc. have and recover from defendant Capital

18   Investment Advisors, Inc. the sum of $12,000, individually, in statutory copyright

19   damages;

20   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff

21   Applied Business Software, Inc. have and recover from defendant Howard Alpern

22   the sum of $12,000, individually, in statutory copyright damages;

23   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff

24   Applied Business Software, Inc. have and recover from defendant Roswell

25   Holdings, LLC its reasonable attorneys' fees, costs and expenses.

26   / / /

27   / / /

28   / / /

5

[PROPOSED] JUDGMENT RE DEFAULT
AND SUMMARY JUDGMENT

1 / / /

2 / / /

3 / / /

4 / / /

5      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the SLA

6 and SMA between ABS and Roswell are terminated and of no further force and

7 effect, and Roswell, its directors, officers, employees, contractors, representatives,

8 or any of its agents or others acting on its behalf or for its benefit, shall have no right

9 to use or access the TMO software and/or any module(s) thereof pursuant thereto

10 and are thus permanently enjoined from installing, using, or accessing the TMO in

11 any manner.

12

13

14

DATED: June 11, 2010

15                            _____

                             HON. A. HOWARD MATZ

16                           United States District Judge

17

18

19 *Presented by:*

20

21

_____

22 ZUBER & TAILLIEU LLP
Attorneys for Plaintiff

23 APPLIED BUSINESS SOFTWARE, INC.

24

25

26

27

28

1253-1004 / 132350.1

6